IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELM FERTILIZER CORPORATION
(FLORIDA), a Florida Corporation,

    Plaintiff,                                   Case No.: _____

v.

CERVANTES DISTRIBUTION
COMPANIES, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR NON-JURY TRIAL**

Plaintiff, Helm Fertilizer Corporation (Florida) ("Helm"), by and through its undersigned counsel, files this Complaint and Demand for Non-Jury Trial against Defendant, Cervantes Distribution Companies, Inc. ("CDI") and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for damages in excess of $75,000.00, exclusive of attorney's fees, interest, and costs and injunctive relief.

2. Plaintiff Helm is a Florida corporation with its principal place of business in Tampa, Hillsborough County, Florida.

3. Defendant CDI is a California corporation with its principal place of business in the City of Brea, Orange County, California.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District.

## BACKGROUND

6. Helm is a wholesale distributor of urea and other fertilizer products headquartered in Tampa, Florida.

7. CDI, upon information and belief, purchases urea from Helm and other wholesale distributors for purposes of resale. CDI is headquartered in the City of Brea, California, but sells its urea solutions at supply points around the country, including two located in Polk County, Florida.

8. Between December, 2020 and August, 2021, CDI ordered various quantities of fertilizer products including urea solution (the "Product") from Helm based on pricing set by the parties.

9. Upon receipt of a CDI request for purchase of Helm Product, a frame contract (the "Frame Contract") was created by Helm reflecting the terms of and conditions of the order, and the order was thereafter filled. A copy of a Helm Frame Contract applicable to a CDI Product order is attached as **Exhibit A** hereto.

10. CDI contracted with third party carriers who picked up the Product from Helm and delivered the Product to CDI's supply points.

11. Following delivery of the Product to CDI or a third party of its designation, Helm issued CDI sales invoices (the "Sales Invoices") reflecting the

terms agreed upon by the parties for the purchase of the Product, including the type of Product, price, quantity, delivery method, CDI reference number and Frame Contract numbers associated with the purchase.

12. Despite receiving the Product it ordered from Helm, CDI has failed or refused to pay Helm its outstanding balance of $190,392.23 for Product purchased and received by CDI. A copy of CDI's outstanding statement of account along with copies of Helm's Sales Invoices (redacted as to bank account numbers) is attached hereto as **Composite Exhibit B**.

13. All conditions precedent to the initiation of this action have been performed, satisfied, or otherwise waived.

14. Based on CDI's actions described herein, Helm has been forced to retain the services of the undersigned law firm and has agreed to pay the undersigned law firm a reasonable fee for its services.

## COUNT I
**(Breach of Contract)**

15. Helm re-alleges and incorporates by reference paragraphs 1 - 14 as if fully set forth herein.

16. CDI agreed to purchase the Product from Helm and to pay Helm the amounts noted on Helm's Sales Invoices as consideration and in exchange for Helm supplying CDI with the Product reflected on those Sales Invoices.

17. Together the Sales Invoices and Frame Contracts (which incorporate Helm's General Terms of Sale) document the parties' agreements and course of dealing regarding the Product purchased, price, delivery and payment terms.

18. Pursuant to Helm's General Terms of Sale, "[e]xclusive jurisdiction and venue for any and all actions relating to this contract shall lie in the state or federal courts located in Hillsborough County, Florida, which jurisdiction and venue is hereby consented to by each party." The General Terms of Sale further provide that "Buyer agrees to reimburse Seller for its reasonable attorney's fees and costs relating to collection and/or litigation costs arising from Buyer's failure to timely pay Seller's invoice in full or arising from any other breach of this contract by Buyer." *See* Ex. C at ¶¶13-14. A copy of the General Terms of Sale is attached hereto as **Exhibit C.**

19. CDI has breached the parties' agreements by failing and refusing to pay Helm for the Product Helm supplied to CDI pursuant to the terms agreed upon by the parties. A copy of Helm's demand for payment is attached hereto as **Exhibit D**.

20. As a result of CDI's breaches of the agreements, Helm has been damaged in the amount of $190,392.23 plus accrued interest and late fees and reasonable attorney's fees and costs.

WHEREFORE, Helm demands judgment in its favor and against CDI for $190,392.23, plus interest and late fees, awarding Helm its reasonable attorney's fees and costs to the extent allowed by the agreements or applicable law, and granting such other and further relief as the Court deems appropriate under the circumstances.

## COUNT II
**(Unjust Enrichment)**

21. Helm re-alleges and incorporates by reference paragraphs 1 – 14 as if fully set forth herein.

22. This claim for unjust enrichment is plead in the alternative to Count I.

23. Helm conferred a benefit on CDI in the form of the Product it delivered to CDI at CDI's request, which CDI has accepted and retained without payment to Helm.

24. Despite Helm's demand for payment, CDI has refused to pay the outstanding amounts owed to Helm for the Product.

25. By retaining the benefits of Helm's Product, while not compensating Helm pursuant to the understanding that CDI would compensate Helm in exchange for the Product, CDI has been unjustly enriched at Helm's expense, and it would be inequitable for CDI to retain the benefits conferred upon it by Helm without compensating Helm.

26. Accordingly, CDI is liable to Helm for the amounts due and owing to Helm in the amount of $190,392.23, plus interest.

WHEREFORE, Helm demands judgment in its favor and against CDI for $190,392.23, plus interest and court costs, and granting such other and further relief as the Court deems appropriate under the circumstances.

## COUNT III
### (Account Stated)

27. Helm re-alleges and incorporates by reference paragraphs 1 - 14 as if fully set forth herein.

28. This claim for account stated is plead in the alternative to Count I.

29. Before the institution of this action, Helm and CDI had business transactions between them wherein Helm would sell urea solution to CDI.

30. As part of the relationship between Helm and CDI, CDI agreed to pay amounts to Helm based on Sales Invoices submitted by Helm to CDI for the urea solution CDI purchased.

31. In relation to the urea solution Helm sold to CDI, Helm remitted to CDI the Sales Invoices attached hereto as Composite Exhibit B, totaling $190,392.23. The Sales Invoices were submitted on a periodic basis.

32. Despite its agreement to pay Helm for the urea solution it received and its failure to object to the Sales Invoices within a reasonable time, CDI has failed and refused to pay Helm $190,392.23.

WHEREFORE, Helm demands judgment in its favor and against CDI for $190,392.23, plus interest and court costs, and granting such other and further relief as the Court deems appropriate under the circumstances.

## COUNT IV
### (Open Account)

33. Helm re-alleges and incorporates by reference paragraphs 1 - 14 as if fully set forth herein.

34. This claim for open account is plead in the alternative to Count I.

35. According to the attached account set forth in Exhibit C, CDI owes Helm a balance of $190,392.23, which is due with interest since delivery of the Product.

WHEREFORE, Helm demands judgment in its favor and against CDI for $190,392.23, plus interest and court costs, and granting such other and further relief as the Court deems appropriate under the circumstances.

Date:  January 28, 2022

/s/ *Sarah P. L. Reiner*
Sarah P.L. Reiner
Florida Bar No. 520195
**GRAYROBINSON, PA**
301 E. Pine Street, Suite 1400
Orlando, Florida 32801
Phone: (407) 843-8880
Fax: (407) 244-5690
Primary e-mail:
Sarah.Reiner@gray-robinson.com
Secondary e-mail:
Roseann.Foster@gray-robinson.com

- and -

Matthew D. Jones
Florida Bar No. 086003
**GRAYROBINSON, PA**
One Lake Morton Drive
Lakeland, Florida 33801
Telephone:  (863) 284-2200
Fax:  (863) 688-0310
Primary e-mail: matthew.jones@gray-robinson.com
Secondary e-mail: linda.august@gray-robinson.com

#46410091 v4